United States District Court
Southern District of Texas
**ENTERED**
March 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARMANDO DE LA ROSA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-485 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Complaint (D.E. 1), seeking relief from the negative disability determination of Acting Commissioner of Social Security, Carolyn W. Colvin. On February 16, 2016, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 16), recommending that Plaintiff's request for relief be denied and that the Administrative Law Judge's (ALJ's) decision be affirmed. Plaintiff filed his objections (D.E. 17) on March 2, 2016.

First, Plaintiff objects to the entirety of the Magistrate Judge's effort, incorporating by reference Plaintiff's original briefing. Such an objection does not meet the specificity requirements of 28 U.S.C. § 636, by which Plaintiff must point out the precise error apparent in the M&R. Instead, it complains only of error in the analysis of the ALJ, with the effect of eliminating the judicial efficiency of the referral to the Magistrate Judge. Because the first objection is directed to the wrong decision and is not specific, it is **OVERRULED**.

Second, Plaintiff objects to the M&R's analysis distinguishing the holding of *Bridges v. Commissioner*, 278 F. Supp. 2d 797 (N.D. Tex. 2003). Plaintiff argues that—

just like the medical expert in *Bridges*—the medical expert here failed to mention several severe impairments and their accompanying limitations, making his opinion insufficient evidence upon which to rely in denying Plaintiff's disability. Plaintiff fails to acknowledge the limits of the holding in *Bridges* and fails to credit the medical expert's actual consideration of all of the records and his testimony being subject to cross-examination.

The reversal and remand in *Bridges* was not required because the medical expert's testimony was necessarily insufficient. The result was dictated by the fact that the ALJ's decision expressly relied on both the medical expert's opinion and non-existent evidence. Once the non-existent evidence was taken out of the equation, it was not clear to the reviewing court whether the ALJ considered—or would have considered—the medical expert's allegedly incomplete opinion, alone, to be sufficient to deny disability. In other words, the court was unwilling to affirm a decision on a factual basis that the ALJ, in the first instance, might not have considered sufficient. This appropriately reflects substantial deference to the ALJ's analysis of the case, as reflected in the applicable standard of review.

Here, there is no issue of the medical expert or ALJ relying upon non-existent evidence. The only question is whether the medical expert's opinion was a reliable basis for a negative disability determination because he reviewed certain medical records only immediately prior to his testimony and because evidence of certain ongoing complaints was not recited as contributing to the medical expert's conclusion. As the Magistrate Judge observed, the particular complaints set out in the late-reviewed records did not reflect inherently disabling impairments. And while Plaintiff argues that even non-

disabling impairments can have an impact on residual functional capacity (RFC), the medical expert did review the records at issue and was subject to cross-examination on them—a factual context not present in *Bridges*.

The Magistrate Judge was correct to distinguish this case from *Bridges*. Plaintiff's medical history was fully reviewed and the medical expert's opinion has not been demonstrated to require reversal. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the M&R's conclusion that the ALJ's decision is supported by substantial evidence. More specifically, he claims that the medical expert's failure to consider Plaintiff's non-disabling symptoms as still having an impact on his RFC is contrary to the law, citing 20 C.F.R. 404.1529, 404.1545, 416.929, 416.945; Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996). But there is a difference between the law including non-disabling symptoms in RFC and a factual conclusion that particular symptoms actually impact RFC.

Plaintiff's objection fails to recognize that the medical expert had all of Plaintiff's records, reviewed them prior to his testimony, and was subject to cross-examination on them. The medical expert and the ALJ had the opportunity to evaluate whether non-disabling conditions contributed to Plaintiff's RFC. Plaintiff has not demonstrated that their adverse fact determinations constitute reversible error. Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects to the Magistrate Judge's finding that Plaintiff does not have chronic pain that is "constant, unremitting, and wholly unresponsive to therapeutic treatment." He claims that the Magistrate Judge overlooked evidence of his constant complaints of disabling pain in the medical records. Plaintiff's subjective complaints of

pain are one factor to be considered.  The decision also considers whether the complaints are consistent—both over time and with objective scientific evidence that can corroborate the complaints—and whether therapeutic treatment can offset the complaints.  The medical records show variations in Plaintiff's complaints and therapies that Plaintiff has not consistently complied with.  The ALJ and this Court need not take the complaints at face value or in isolation.  Plaintiff has not demonstrated that Plaintiff's complaints of chronic pain are sufficient to reverse the ALJ decision and his objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, the decision of the ALJ is **AFFIRMED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 9th day of March, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE